DEPARTMENT OF WILDLIFE CONSERVATION — MERIT SYSTEM The Legislature may not by passage of an appropriate act prescribe the provisions of the Oklahoma Merit System of Personnel Administration to the Department of Wildlife Conservation without prior amendment to the State Constitution. The Attorney General has considered your letter of April 1, 1971, wherein you ask the following question: "May the Legislature, by the passage of an appropriate Act, pre scribe that the personnel administration activities of the Department of Wildlife Conservation be conducted within the provisions of the Oklahoma Merit System of Personnel Administration?" The Department of Wildlife Conservation was created by ArticleXXVI of the Oklahoma Constitution adopted as a constitutional amendment July 3, 1956. Section 1 of Article XXVI provides in part: ". . .The Department of Wildlife Conservation shall be governed by the Wildlife Conservation Director, hereinafter created, under such rules, regulations and policies as may be prescribed from time to time by the Oklahoma Wildlife Conservation Commission." Article XXVI, Section 3, provides in part: "Director shall, with the approval of the Commission, appoint, such assistants and employees as the Commission may deem necessary. "The Commission shall determine the qualifications of the Director, all assistants and employees." Subsequent to the adoption of Article XXVI, the Legislature established a statewide "Merit System of Personnel Administration". Under this Act, the Governor was authorized to extend by executive order the Merit System standards for civil service employment already existing in some departments to other state agencies where he deemed it appropriate. The Act established the State Personnel Board whose duties were specified by statute. The Supreme Court of the State of Oklahoma had occasion to construe the statutes establishing the Merit System in the case of Schmitt v. Hunt, Okl., 359 P.2d 198. The Court held that the Merit Act was applicable to the Insurance Department of the State of Oklahoma despite a previous legislative provision delegating appointive power over Insurance Department personnel to the Insurance Commissioner. The vital distinction in that case and the question before us here is that the appointive powers over personnel is conferred on the Director of Wildlife Conservation by constitutional enactment whereas the similar powers granted to the Insurance Commissioner is a creature of legislative enactment. The determination of personnel standards concerning the Department of Wildlife Conservation is delegated directly to the Wildlife Conservation Commission by the Oklahoma Constitution in Article XXVI, Section 1 and Article XXVI, Section 3, supra. In this regard we are given guidance in Schmitt v. Hunt, supra, where the Court stated, after discussing the three constitutional provisions dealing with the Insurance Department and the Insurance Commissioner: "There is nothing in these sections vesting the Insurance Department or Insurance Commissioner the power or right to appoint the employees of these offices. Sections 22 and 24 subject such offices to the force and provisions of laws later passed by the Legislature. Without further elaboration we think such provisions eliminate any contention of continued appointive power under any provisions of law prior to the adoption of the Constitution." (Emphasis added) Thus, the Courts' holding, by implication, states that they would be persuaded differently when dealing with a specific constitutional provision such as Article XXVI, creating the Department of Wildlife Conservation. In your letter you refer to Attorney General's Opinion No. 71-122, which, in discussing the Merit System, states: "The Act does not discuss the Legislature's rights in this field. However, as the Act itself is a creature of the Legislature, it is evident that the Legislature may go outside the Act and classify employees or agencies,. . ." This language cannot be read to suggest that the Legislature may reclassify state agencies and employees in derogation of a specific constitutional authority. The well settled pronouncement of the law in this regard is stated by the Oklahoma Supreme Court in the case of Kiowa County Excise Board v. St. Louis-San Francisco Railway Company, Okla., 301 P.2d 677, wherein the Court stated: "It is apparent that to give effect to the terms of the legislative act would constitute a transgression of the Constitution. The Legislature has no power to abridge or extend the provisions of the Constitution when the same is self-executing, by so called construction or otherwise." The Court went on to state later in the opinion: "The object of construction, when applied to the Constitution, is to give effect to the intent of its framers and of the people adopting it, and where the language of the constitutional provision is not ambiguous or of uncertain or doubtful meaning, such intent is to be found in the instrument itself. Latting v. Cordell,197 Okl. 369, 172 P.2d 397." It is, therefore, the opinion of the Attorney General that your question be answered in the negative. Without prior amendment to the State Constitution adopted in conformance with constitutional requirements, the Legislature may not, by passage of an appropriate act, prescribe the provisions of the Oklahoma Merit System of Personnel Administration to the Department of Wildlife Conservation. (Robert H. Mitchell) ** SEE: OPINION NO. 77-254 (1977) ** ** SEE: OPINION NO. 77-310 (1977) **